UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
www.moed.uscourts.gov

| | |
|---|---|
| JOSEPH EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1188 RWS |
| | ) |
| SMURFIT STONE CONTAINER, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Defendant Smurfit Stone Container, Inc. has a recycling facility in St. Louis, Missouri. Plaintiff Joseph Evans worked for Smurfit as a Labeler and then as a Sorter. Evans was fired from his employment for violating a work safety policy. Evans, an African American, file this lawsuit asserting that his termination was motivated by race discrimination. Smurfit has moved for summary judgment. Because Evans has not submitted any evidence which supports his discrimination claim I will grant Smurfit summary judgment.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the

nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

Direct evidence of employment discrimination is rare, therefore, most cases rely on circumstantial evidence. In the absence of direct evidence of discrimination, courts employ the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)(Title VII case).

Under the burden-shifting analysis, the plaintiff must first establish a prima facie case of intentional discrimination. McDonnell Douglas, 411 U.S. at 802; Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994). If the plaintiff establishes a prima facie case, a presumption of discrimination is established and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. 411 U.S. at 802. The defendant need not persuade the court that the articulated reason was the basis of the employer's action; rather, it must simply provide some evidence of a non-discriminatory reason or reasons for its action. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509 (1993).

Upon the proffer of such evidence, the presumption of discrimination established by the prima facie case "simply drops out of the picture." Id. at 510-11. The burden then shifts back to the plaintiff to prove that the reason articulated by the employer was really a pretext for discrimination. Aucutt, 85 F.3d at 1316. A rejection of the employer's proffered non-discriminatory reason by itself or combined with elements of the prima facie case may be enough to establish, but does not compel, an inference of intentional discrimination. St. Mary's Honor Center, 509 U.S. at 511.

The burden of proving discrimination remains on the plaintiff at all times. Id. at 515-16. It is not enough to merely discredit defendant's articulated reason for the adverse employment action. A plaintiff must always establish that the real reason for defendant's action was impermissible discrimination. Id.; see also Huston v. McDonnell Douglas Corp., 63 F.3d 771, 777 (8th Cir. 1995). To avoid summary judgment, a plaintiff must present evidence that, when viewed in its entirety: (1) creates a fact issue as to whether the employer's proffered reason is pretextual, and (2) creates a reasonable inference that a discriminatory motive was a determinative factor in the adverse employment decision. Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996).

*Background*

The following information is taken from Defendant Smurfit's Statement of Undisputed Material Facts [Doc. #50]. Plaintiff Evans does not specifically controvert any of these facts so they are deemed to be undisputed under Federal Rule of Civil Procedure 56(e)(2) and Local Rule 7-4.01(E).

On September 2, 2008, Evans, an African American, began to work for Smurfit at its St. Louis recycling facility. He was hired by the Plant Manager, Kevin Harbour, who is also African American. Harbour was the Plant Manager from April 1, 2008 to March 1, 2012 and is currently the Plant Superintendent. In compliance with OSHA rules and for employee safety, certain equipment must be "locked out" to prevent them from operating while they are being worked on or repaired. Smurfit has a "zero tolerance policy" which requires the termination for any employee who fails to follow "lockout tagout" ("LOTO") procedures.

When Evans began his employment he was provided with a copy of Smurfit's Plant Rules

and a condensed version of the rules which enumerate the penalties for the breach of a rule.  The rules state that an employee will be fired for failing to follow LOTO procedures.  Throughout his employment Evans received frequent training and testing with regard to the LOTO policy.

On April 12, 2011, Evans was working on top of Belt 15, which requires the machine to be locked out.  Harbour observed Evans on top of Belt 15 without having locked out.  Harbour made the decision to terminated Evans' employment on April 14, 2011, for his violation of the LOTO policy.  Harbour attests that, while he has been Plant Manager/Superintendent, there has not been any employee who has been caught violating the LOTO rule who has not been terminated.

Evans admits in his compliant that he was fired for performing a procedure which required a "lock-out tag out and [he] forgot to lockout-tag out."  He contends that a white employee named Jason Yochum was not dismissed for a first time infraction of getting a forklift stuck on a conveyer belt.  Evans asserts this disparate treatment was the result of racial discrimination.

In his charge of discrimination with the EEOC, Evans checked the box indicating that he was discriminated on the basis of race.  In the narrative section of the charge, Evans asserts that he was terminated for not locking out but that it was a pretext for discrimination based on his race.

In his complaint in this lawsuit, however, Evans makes an additional claim that he was also discriminated based on color and asserts additional claims for a failure to promote; the terms and conditions of his employment differed from similar employees; retaliation; and harassment.  None of the claims were raised in Evans' EEOC charge.

Smurfit has filed a motion for summary judgment asserting that Evans has failed to offer any evidence to support his race discrimination claim and that his other claims are barred from consideration for failing to raise them in his EEOC charge.

*Discussion*

*Termination Base on Race Discrimination*

Title VII prohibits an employer from discharging an individual or discriminating against an individual with respect to his compensation on the basis of race or national origin. 42 U.S.C. § 2000e–2(a)(1). Because Evans has not presented any direct of employment discrimination, the burden shifting framework of McDonnell Douglas applies to this case. To establish a prima facie case of race discrimination, Evans must establish (1) that he is a member of a protected class, (2) that he was meeting Smurfit's legitimate job expectations, (3) that he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. Martinez v. W.W. Grainger, Inc., 664 F.3d 225, 230 (8th Cir. 2011).

Evans has failed to present evidence in support of factors (2) and (4). He was not meeting Smurfit's legitimate job expectations. He admitted that he failed to follow LOTO rules. It is undisputed that the failure for any employee to comply with these rules will result in dismissal.

Evans attempts to establish factor (4) by asserting that he was treated differently than a white employee named Jason Yocham. He asserts that Yocham was not fired for getting a forklift stuck on a conveyer belt. Evans does not present any evidence that he and Yocham were similarly situated employees. Moreover, Kevin Harbour, the Plant Manager attested that Jason Yocham did drive a forklift too close to a conveyer belt and a tire slipped off the concrete around the belt. Harbour states that this incident was not in any way related to a LOTO violation. Evans does not dispute this assertion. Harbour attested that Yochum was ultimately terminated on August 16, 2010 because he violated the LOTO policy on that date.

I find that Evans has failed to establish a prima facie case of discrimination. He has not

presented any evidence that a similar situated white employee was not terminated for violating Smurfit's LOTO policy. To the contrary, Harbour's undisputed evidence is that anyone who violated the LOTO policy was terminated. Evans has failed to offer any evidence to support his claim that race was a motive in his termination.

*Evans' Other Discrimination Claims*

As previously noted, the only claim Evans asserted in his charge of discrimination with the EEOC was that he was terminated based on his race. However, in his complaint in this lawsuit he asserts claims for discrimination based on color, failure to promote; the terms and conditions of his employment differed from similar employees; retaliation; and harassment. None of the claims were raised in Evans' EEOC charge.

Smurfit asserts that the only claim properly before the Court is Evans' claim he was terminated based on his race. Smurfit argues that this is the only claim that was presented and exhausted with the EEOC prior to the filing of this lawsuit. It asserts that any other claims of disparate treatment should be dismissed for failing to exhaust these claims with the EEOC.

Central to the statutory scheme provided by Title VII is the requirement that a plaintiff exhaust his administrative remedies by filing a charge with the EEOC. Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996)(quotations and citations omitted). The purpose of the exhaustion requirement is to allow the EEOC the opportunity to investigate discriminatory practices and perform its role of obtaining voluntary compliance and promote conciliatory efforts. Id. In order to exhaust administrative remedies, a Title VII plaintiff must timely file charges with the EEOC and obtain from the EEOC, a "right to sue letter." Id. See also 42 U.S.C. § 2000e-5 (b), (c), and (e). After exhausting his administrative remedies, a plaintiff obtains the right to file a civil action in

federal court based upon the employment discrimination claim alleged in the EEOC charge, along with allegations that are "'like or reasonably related'" to that claim.  Id. (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)).  A failure to exhaust Title VII's administrative remedies, however, bars the plaintiff from filing a civil lawsuit.  Williams, 21 F.3d at 222.

Courts will liberally construe discrimination claims made by *pro se* litigants.  Shannon, 72 F.3d at 685.  However, there is a great difference between "liberally reading a claim which lacks specificity ... and inventing *ex nihilo* a claim which was simply not made" by the plaintiff.  Id.

Discrete acts such as retaliation, failure to promote, denial of transfer, or refusal to hire constitute separate actionable unlawful employment practices.  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).  "Each discrete discriminatory act starts a new clock for filing charges alleging that act.  The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred."  Id. at 113.  "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."  Id.

The only discrete act that Evans raised in his EEOC charge was his allegation that he was terminated base on his race.  That is the only claim for which he received a right to sue from the EEOC.  Evans' EEOC charge does not assert any of the other discrete acts that he alludes to in his complaint.  As a result, I will grant Smurfit's motion for summary judgment on all of Evans' remaining claims under Title VII.

*Smurfit's Motion to Exclude*

Finally, Smurfit has moved to exclude two audio recordings that Evans submitted with his response to Smurfit's motion for summary judgment.  Because these recordings lack a foundation,

are not authenticated, and contain hearsay they will not be considered in evaluating Smurfit's summary judgment motion. Mays v. Rhodes, 255 F.3d 644, 648 (8th Cir. 2001)(unsworn accounts are inadmissible hearsay and may not be considered at the summary judgment stage). So too, several documents Evans submitted in his response have not been properly identified and lack authentication and a proper foundation. These too shall not be considered in ruling on the motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Smurfit Stone Container, Inc.'s motion for summary judgment [#48] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Smurfit Stone Container, Inc.'s motion to exclude exhibits [#52] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2012.